COX, JOHN S., Associate Judge
(dissenting).
I am compelled to dissent. Section 945.-025, Florida Statutes, as amended (with such amendment effective July 1, 1975) clearly states in its pertinent parts:
“ * * * no adult correctional facility shall be established by changing the use and purpose of any mental health facility or mental health institution * * * without authorization in the general appropriation act or other approval by the legislature * * * provided, however, that the conversion of the G. Pierce Wood Memorial Hospital located at Arcadia, DeSoto County, into a correctional facility may be completed and continued only after a demonstration that it would be less costly and that substantial economic benefit would accrue to the state when compared with other viable alternatives to the conversion of said facility * * * ”, (Emphasis supplied)
To me, this statute clearly says that the “demonstration” referred to in the latter portion of the statute with reference to the G. Pierce Wood Memorial Hospital must be made to the legislature and that the legislature alone is authorized via general appropriation act or “other approval” to pass upon the propriety of converting such facility to a correctional facility.
The majority opinion holds that the “demonstration” specified by statute can be made apparently on an informal and ex parte basis to the executive branch of government and specifically to the Governor of the State of Florida. I find no basis in the statute for such conclusion.
It seems in my humble judgment that the executive branch of the government has invaded the province of the legislative branch and that the majority opinion of the Court in this case puts the judiciary in the position of also invading that legislative province.
I would reverse with directions that the injunction which was vacated by the trial court be reinstated and continued in full force and effect.